## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **WILLIAM CHATMAN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **No. 12 C 99** |
| ) | |
| **RANDY PFISTER,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Respondent's motion to dismiss Petitioner William Chatman's (Chatman) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

On January 12, 2005, in Illinois state court, Chatman pled guilty to murder with intent to kill or cause great bodily harm after hitting, kicking, and shooting a woman, which resulted in her death. Chatman was sentenced to twenty-one years of

1

imprisonment on the same day.  Chatman did not file a direct appeal and did not

move to withdraw his guilty plea.  In September 2006, Chatman filed a *pro se* post-

conviction petition.  In December 2006, the state trial court dismissed the post-

conviction petition.  Chatman appealed the dismissal, and the trial court was affirmed

by the Illinois Appellate Court in June 2008.  Chatman then filed a petition for leave

to appeal (PLA) to the Illinois Supreme Court, and on March 24, 2010, the Illinois

Supreme Court denied the PLA, but remanded the case to the Illinois Appellate

Court for reconsideration in light of a recent ruling by the Illinois Supreme Court.  In

August 2011, the Illinois Appellate Court again affirmed the trial court.  The record

does not reflect that Chatman filed a subsequent PLA.  In September 2011, in case

number 11 C 6107, Chatman filed a habeas petition, which was dismissed for failure

to pay the filing fee.  In January 2012, Chatman filed the instant Petition pursuant to

28 U.S.C. § 2254.  Respondent now moves to dismiss the Petition.


## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless

the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)).  The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'"  *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed Chatman's *pro se* filings.  *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the petitioner] was without counsel in the district court, his habeas petition is entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of

3

individuals who proceed *pro se"*).  Chatman asserts the following claims in the

Petition: (1) that the prosecutor breached the terms of the plea agreement, violating

Chatman's due process rights, and (2) that Chatman did not knowingly and

voluntarily enter into the plea agreement.

I.  Jurisdiction in Case

Respondent notes that this court may lack subject matter jurisdiction over the

instant Petition if it constitutes an improper successive habeas petition.  As indicated

above, Chatman had previously filed the Petition in case number 11 C 6107.  In that

case, the court denied Chatman's motion for leave to proceed *in forma pauperis* on

November 3, 2011.  The court gave Chatman until December 7, 2011, to either pay

the filing fee or file an accurately and properly completed *in forma pauperis*

application form for the Northern District of Illinois.  The court warned Chatman that

if he failed to pay the filing fee or file an accurately and properly completed *in forma*

*pauperis* application form for the Northern District of Illinois by December 7, 2011,

the case would be dismissed.  The deadline passed, and Chatman had not paid the

filing fee or filed an accurately and properly completed *in forma pauperis* application

form for the Northern District of Illinois.  Therefore, on December 9, 2011, the case

was dismissed.

Respondent notes that the court did not specify in its dismissal order whether

the dismissal was with or without prejudice.  Respondent indicates that if the

dismissal was intended to be with prejudice, the court lacks subject matter jurisdiction in this case, since the instant Petition would constitute an improper successive habeas petition. 28 U.S.C. § 2244(b)(3). In accordance with Seventh Circuit precedent, the dismissal in case number 11 C 6107 operated as a dismissal without prejudice. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005). Pursuant to *Pavlovsky*, a dismissal of a habeas petition for failure to pay the filing fee is deemed to be a dismissal without prejudice. *Id.* at 1064 (stating that "if the first petition was dismissed[,]or returned to the filer without even being accepted for filing, . . . because of a curable technical deficiency, as where the petition is filed prematurely or in the wrong district or without payment of the filing fee, so that the dismissal is not final and therefore 'without prejudice,' then it doesn't count as the first petition"); *see also Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003)(indicating that "'[t]he drastic nature of a dismissal with prejudice requires the action to be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable'")(quoting *GCIU Employer Retirement Fund v. Chicago Tribune Co.,* 8 F.3d 1195, 1199 (7th Cir. 1993)). Thus, since the petition in case number 11 C 6107 was not a dismissal with prejudice, the instant Petition does not constitute an improper successive habeas petition, and this court does not lack subject matter jurisdiction in this case.

II.  Timeliness of Petition

Respondent argues that the Petition is untimely.  The statute of limitations for a habeas petition is one year and is specified in 28 U.S.C. § 2244(d), which provides the following:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The record reflects that Chatman pled guilty and was sentenced on January 12, 2005.  In order to perfect his appeal under Illinois Supreme Court Rule 604(d), Chatman had thirty days, until February 11, 2005, to file a motion to withdraw his plea in the trial court.  Ill. S.Ct. R. 604(d).  The judgment entered against Chatman thus became final on February 11, 2005, and Chatman had until February 11, 2006, to file a habeas petition under 28 U.S.C. § 2244(d).  Although Chatman filed a post-conviction petition on September 20, 2006, and the filing of a

post-conviction petition can toll the statute of limitations, filing the post-conviction petition after the statute of limitations had run did not reset the clock for statute of limitations purposes. *See De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009)(explaining that in 28 U.S.C. § 2244(d) "what subsection (2) does is *exclude* particular time from the year, not *restart* that year")(emphasis in original). Thus, since Chatman failed to pursue the collateral relief in state court in a timely fashion, he cannot avail himself of the tolling provision in 28 U.S.C. § 2244(d). Since the instant Petition was filed in December 2011, more than five years after February 11, 2005, the Petition is untimely. Respondent also correctly points out that even if Chatman could use the tolling provision in 28 U.S.C. § 2244(d)(2), based on calculating the untolled time between when the judgment became final and the filing of the post-conviction petition and the untolled time between the end of the post-conviction appeal process and the filing of the Petition in this case, there were more than 600 untolled days, and the Petition is untimely even when applying the tolling provision.

Chatman argues that the court should apply 28 U.S.C. § 2244(d)(1)(D) when calculating the running of the statute of limitations and find that it began to run "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* Chatman contends that he did not knowingly enter into the plea agreement in his case because he was unaware when pleading guilty that "he was being sentence[d] to a more onerous sentence

th[a]n what he was sentence[d] to." (Ans. 3). Chatman argues that it was well after he pled guilty that "he was informed by the prison staff that after the completion of his 21 years, [h]e would further have to complete three more years of" mandatory supervised release. (Ans. 4). However, the record reflects that Chatman was informed at his change of plea hearing that he would have to serve the three years of mandatory supervised release. Chatman was told by the court "upon your release from the penitentiary there would be a period of three years mandatory supervised release. . . ." (DE 12 143-44). In addition, the requirement regarding mandatory supervised release was clearly established under Illinois law. Even if Chatman had not been informed at his change of plea hearing regarding mandatory supervised release, Chatman has not shown that he was unable with reasonable diligence to discover such information sooner than February 11, 2005, when the judgment against him became final.

Chatman also indicates that he did not file sooner because he was unaware of a ruling by the Illinois Supreme Court in *People v. Whitfield*, 840 N.E.2d 658 (Ill. 2005), in which the Court addressed the standard for assessing whether the guilty plea comported with due process rights. *Id.* at 663-672; (Ans. 4). However, Chatman has not shown that he could not have realized with reasonable diligence any claim he asserts in his Petition prior to the ruling in *Whitfield*. A state court ruling does not generally provide a basis to extend the running of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D), and Chatman has not shown that the state court

ruling should have delayed the running of the statute of limitations in this case. *See Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007)(stating that "some state court judgments could potentially constitute a trigger for a new limitations period under AEDPA," and that the Court did "not find that a state court decision modifying substantive law constitutes a 'factual predicate' under § 2244(d)(1)(D) justifying a new one-year limitations period"). Finally, Chatman has not shown that the statute of limitations should have been tolled under the equitable tolling doctrines. *See Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 451 (7th Cir.1990)(explaining equitable tolling doctrines). Therefore, based on the above, the motion to dismiss is granted, and the Petition is dismissed with prejudice.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Chatman has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Chatman shown that reasonable

jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Chatman decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted.

## CONCLUSION

Based on the foregoing analysis, Respondent's motion to dismiss the Petition is granted, and the Petition is dismissed with prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 28, 2012